SUPREME COURT.

In the matter of the application of DENNIS Moss for taxation of Costs.

A person liable to pay costs on a foreclosure under the statute, on whose requisition the costs are taxed, is entitled to *notice* of such taxation.
Such a requisition may be made by a person entitled to the surplus out of which fund the costs are to be paid.

*Albany Special Term, November* 1851. Two mortgages were executed by Thomas Moss, now deceased, to Andrew D. Lansing, by whom they were assigned to Stephen H. Alden. These mortgages were foreclosed by Alden, by advertisement under the statute. The mortgaged premises sold for more than enough to pay the mortgaged debt and costs. Such surplus was claimed by the administrator of Thomas Moss, and also by Dennis Moss, the party moving, as heir at law, and an action of interpleader was brought by Alden to determine who was entitled to such surplus.

In the matter of Dennis Moss.

Dennis Moss served on Alden a requisition in writing that the costs be taxed by a proper officer. Alden proceeded to get the costs taxed, but not on notice to Dennis Moss or his attorney; whereupon Dennis Moss makes this motion for a retaxation of such costs and that such retaxation be made on due notice to him.

C. L. Austin, *for Moss.*

J. J. Hill, *for Alden.*

Parker, Justice.—The statute provides that the costs and expenses of foreclosing any mortgage by advertisement, shall be taxed by some officer authorized to tax costs in the Supreme Court, upon the requisition of any party liable to pay the same, and upon such party paying the expense thereof (2 *R. S.* 652).

I think Dennis Moss is in a situation to require such taxation. He claims the surplus as one of the heirs at law of Thomas Moss, the mortgagor, and he has been recognised as such claimant by being made a defendant in the action of interpleader. In as much as the costs are to be paid out of his money, he is, within a reasonable construction of the statute, a party liable to pay them.

The statute clearly contemplates a taxation where the party can be heard, and not an *ex parte* taxation. It is certainly proper and fair that the party requiring the taxation, should have an opportunity of contesting it. Notice of the taxation ought therefore to have been given to him.

There must be a retaxation before a proper officer, on four days notice, served on Dennis Moss or on Chas. L. Austin, Esq. as his attorney.

Neither party is to have costs of this motion.